cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**SHOU QIANG LIN, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4379–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

Tao Lin, New York, New York, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the November 24, 2004, due date specified in the scheduling order issued on November 3, 2004, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Shou Qiang Lin, though counsel, petitions for review of a BIA order affirming a decision of an immigration judge ("IJ") denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). In denying Lin's claims, the IJ expressed skepticism about certain aspects of his testimony regarding his wife's sterilization, but added that "there is insufficient evidence in the record … to conclude that [the sterilization] was involuntary." The IJ concluded that Lin failed to meet his burden of proof of persuasion that he suffered past persecution or had a well-founded fear of persecution.

The IJ erred in not making a specific ruling regarding Lin's credibility, and as a result, the basis for the IJ's decision is unclear. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Lin argued in his brief to BIA that the IJ did not make an adverse credibility finding and challenged the IJ's decision as if the IJ had only denied his claim for failure to meet his burden of proof. The government, however, submitted a response brief arguing that the IJ did make an adverse credibility finding and that it was supported by substantial evidence. It is unclear how the BIA viewed the IJ's decision, and on what ground the decision was affirmed, because

the BIA decided the appeal without an opinion.

Moreover, Lin focuses on burden-of-proof grounds in his brief to this Court, but this Court is without the benefit of a brief from the government explaining its position as to the BIA's and IJ's decisions. It is inappropriate for us to rely only on Lin's characterization of the IJ's decision given that this Court must decide whether the agency's findings are supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(A)-(B). Accordingly, because the IJ's decision is unclear as to why Lin's claims were denied, and because the BIA did not clarify the matter, the case is remanded to the BIA to clarify the reasons Lin's application was denied.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMAND-ED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).